IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACKARY T. HARRIS,

    Petitioner,　　　　　　　　　　　No. CIV S-05-1976 LKK CMK P

  vs.

A.K. SCRIBNER, et al.,

    Respondents.　　　　　　　　　　FINDINGS & RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Currently before the court is respondents' motion to dismiss for failure to exhaust state remedies. (Doc. 12.)

       The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

1

Respondents contend that petitioner has failed to exhaust his state remedies because the only petition that petitioner has filed with the California Supreme Court challenging his conviction was a petition for a writ of mandate, which was denied as moot. The denial of the writ of mandate cannot be fairly taken as an adjudication of the merits of petitioners claim when normal channels for relief are available. See Pitchess v. Davis, 421 U.S. 482, 488 (1975). Petitioner had normal channels of relief available to him—petitioner filed a habeas petition in the California Court of Appeal. (Doc. 13, Lodged Documents 3 through 8.) Accordingly, the undersigned finds that petitioner's claims have not been fairly presented to the California Supreme Court, and IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2006.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE